DECISION
{¶ 1} Defendant-appellant, Donovan J. Stevens, appeals from the May 17, 2004 judgment entry of the Franklin County Court of Common Pleas finding him guilty of theft and sentencing him to the maximum sentence of five years incarceration. For the reasons that follow, we reverse and remand the judgment of the common pleas court.
 {¶ 2} On January 30, 2004, appellant was indicted on one second degree felony count of theft, a violation of R.C. 2913.02 for removing property, valued at $45,000, from the home of Marjorie Moessner. On March 16, 2004, appellant entered a guilty plea to a third degree felony theft charge. The trial court found appellant guilty. On May 14, 2004, a sentencing hearing was held pursuant to R.C. 2929.19. The trial court sentenced appellant to five years incarceration and ordered appellant to pay restitution in the amount of $45,000 to Moessner. It is from this entry that appellant appeals, assigning the following sole assignment of error:
The trial court abused its discretion by imposing a maximum sentence on appellant, as such a sentence is against the manifest weight of the evidence and contrary to law.
 {¶ 3} In his sole assignment of error, appellant argues that the trial court failed to follow the mandates of R.C. 2929.14(C) before imposing the maximum five-year sentence for the theft conviction. Appellant further argues the five-year sentence imposed is against the manifest weight of the evidence.
 {¶ 4} Ohio's statutory scheme disfavors maximum sentences. State v.Edmonson (1999), 86 Ohio St.3d 324, 325. Pursuant to the sentencing statutes, trial courts must "record findings that give its reasons for selecting the maximum" for any offense. Id.; R.C. 2929.19(B)(2)(d). In the case at bar, the trial court found that appellant previously had been in trouble with the law and had previously served a prison term. Therefore, R.C. 2929.14(C) applies, and requires the trial court to find that one of the four listed statutory conditions applied to appellant. R.C. 2929.14(C) provides:
Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
 {¶ 5} In State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, the Ohio Supreme Court held that when imposing maximum sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing. Id., at paragraph two of the syllabus. In this case, a close reading of the transcript reveals that the trial court failed to place at least one of the above-mentioned required statutory findings on the record. The trial court stated:
Mr. Stevens, I'm going to impose the maximum sentence of five years in the state penitentiary. You have been in trouble with the law ever since you have been a juvenile. You have three juvenile burglary offenses. As an adult, you have ag. burglary, aggravated robbery and you're on parole from March of last year. And here you go again. You steal from somebody that you're a caretaker for.
(Tr. 9.)
 {¶ 6} Plaintiff-appellee, the State of Ohio, concedes error on the trial court's part in failing to comply with R.C. 2929.14(C). While the trial court, pursuant to R.C. 2929.19(B)(2)(d) stated reasons on the record for sentencing appellant to the maximum sentence, the trial court neither mentioned R.C. 2929.14(C), nor did the trial court make a determination that any of the applicable factors in that statute applied to appellant. As such, appellant's sole assignment of error is sustained and the decision of the Franklin County Court of Common Pleas is reversed and this cause is remanded for resentencing consistent with our decision.
Judgment reversed and remanded for resentencing.
Brown, P.J., and Klatt, J., concur.